IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATIONAL ERA SERVICING,

    Plaintiff,

v.

KATHERINE FULLER WEST and
ALL OCCUPANTS,

    Defendants.

CIVIL ACTION NO.
1:14-CV-0653-TWT-LTW

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on pro se Defendant Katherine Fuller West's request to file this civil action in forma pauperis, without prepayment of fees and costs or security therefor (Docket Entry 1), pursuant to 28 U.S.C. § 1915(a)(1). The Affidavit of Poverty indicates that Defendant West is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and the Defendant's motion to proceed in forma pauperis is **GRANTED**. Docket Entry [1]. For the reasons outlined below, however, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Newton County.

### PROCEDURAL BACKGROUND FACTS

In February 2014, pursuant to Georgia law, Plaintiff National ERA Servicing ("National") filed a dispossessory proceeding in the Magistrate Court of Newton

County, State of Georgia, in an attempt to evict Defendant Katherine West and all other occupants from property in Covington, Georgia after conducting a foreclosure sale on the property. (Docket Entry [1-1], p. 9). Defendant West removed the matter to this Court and federal defenses against National in her petition for removal. West appears to argue that this Court has federal question jurisdiction over the matter because on the basis of her defenses that National's actions violated the Ninth, Eleventh, Thirteenth, and Fourteenth Amendment of the United States Constitution and the FDCPA. West contends that she should be permitted to remove this action pursuant to both 28 U.S.C. § 1441 and 28 U.S.C. § 1443.

West's defenses pursuant to federal law do not give her the authority to remove this action under either statute. First, 28 U.S.C. § 1441 does not provide a basis for removal in this case. Title twenty-eight, Section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in controversy threshold. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction for citizens of different states). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In this case, federal question jurisdiction is not present. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In this case, National relied exclusively on state law when it initiated a dispossessory proceeding in the Magistrate Court of Newton County to seek possession of West's residence after a foreclosure sale. (Docket Entry [1-1], p. 7). No federal question is presented on the face of National's Complaint. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system. See O.C.G.A. § 44-7-49, et seq. There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine

3

of complete preemption. Caterpillar, 482 U.S. at 393. In Defendant West's Notice of Removal, she cursorily claims that National violated the Ninth, Eleventh, Thirteenth, and Fourteenth Amendment of the United States Constitution as well as 18 U.S.C. §§ 241 and 242. (Docket Entry [1-1], p. 1-3). A federal question present in a counterclaim or a defense, however, is not a proper basis for removal of a Complaint. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 n.20 (11th Cir. 2010).

Moreover, diversity of citizenship does not provide a basis for removal in this case. A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the parties are diverse and the $75,000 amount in controversy jurisdictional threshold is met. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990). According to Plaintiff's Civil Cover Sheet, both parties are citizens of Georgia, and are therefore, not diverse.

West also argues that the Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1443. In support, West states that she expects that in the future, there will be a "manifest deprivation of his [sic] various civil rights within . . . [the] state court" and that she will be "subjected to egregious denial and inability to enforce in said state court one or more rights under the laws providing for the equal rights of citizens of the United States." Title 28, Section 1443(1) of the United States Code allows for removal "against any person who is denied or cannot enforce in the courts of such state a right under any law providing for the equal civil rights of citizens of the United States, or of

all persons with the jurisdiction thereof." 28 U.S.C. § 1443. In order to remove under Section 1443, however, West must satisfy a two pronged test. First, West must show that "the right upon which [she] relies arises under a federal law providing for specific civil rights stated in terms of racial equality." Wells Fargo Bank, N.A. v. Henley, 198 F. App'x 829, 830 (11th Cir. 2006). Second, West "must show that [she] has been denied or cannot enforce that right in the state courts." Cent. Mortg. Co. v. Laskos, No. 13–12400, 2014 WL 1272462, at *1 (11th Cir. Mar. 31, 2014); Henley, 198 F. App'x at 830.

West's Petition for Removal falls short of establishing her basis for removal with respect to both prongs. First, to satisfy the first requirement, the law invoked must provide for specific civil rights stated in terms of racial equality. Laskos, 2014 WL 1272462, at *1. Broad allegations under constitutional provisions such as the bill of rights or the Fourteenth Amendment cannot support a valid claim for removal under Section 1443. Laskos, 2014 WL 1272462, at *1; Taylor v. Phillips, 442 F. App'x 441, 443 (11th Cir. 2011). West's petition fails to establish her entitlement to removal under the first prong because she mostly relies on rights of general application available to all persons or citizens and broad allegations of violation of constitutional provisions without including any factual detail. Taylor, 442 F. App'x at 443. Additionally, West's conclusory allegations do not show how her civil rights were violated. The burden is on the party who sought removal to demonstrate that federal jurisdiction exists. Bank of New York v. Angley, No. 13-11208, 2014 WL 1259617, at *1 (11th Cir. Mar. 28,

2014). As such, the removing party's burden extends to making and supporting the arguments necessary to sustain removal. Angley, 2014 WL 125617, at *1 (because the defendant never asserted diversity jurisdiction as a basis for removal jurisdiction, the court would not exercise diversity jurisdiction over removed case); Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1017 n.4 (11th Cir. 2003) (declining to consider argument concerning diversity jurisdiction, raised for the first time in petitioner's appellate brief, because petitioner had "the burden to plead this basis in its notice of removal"); Alcan Inv., LLC v. C-D Jones & Co., Inc., No. 09-0492-WS-N, 2009 WL 2762828, at *7 (S.D. Ala. Aug. 27, 2009) (noting that when the defendants elected to support removal under one legal authority, they risked remand if the court disagreed that the authority provided a basis for removal and no duty devolved upon the court to conduct additional legal research or construct additional arguments on the defendant's behalf).

Second, even assuming that West's broad assertions that National's actions violated the Equal Protection Clause, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights West established the first prong, she still cannot establish her entitlement to remove under Section 1443(1) because she has not identified any law or policy of the state of Georgia which has rendered her unable to enforce her federal rights. Laskos, 2014 WL 1272462, at *2. This prong normally requires that the denial be "manifest in a formal expression of the state law." Taylor, 442 F. App'x at 442; Alabama v. Conley, 245 F.3d 1292, 1296 (11th Cir. 2001). Blanket assertions that a defendant is unable to obtain a fair trial in state court are

6

insufficient to support removal. Taylor, 442 F. App'x at 442-43.

This Court also concludes that the action was not properly removable to federal district court under Section 1443(2), which provides removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). The Eleventh Circuit has explained that the first clause under Section 1443(2), concerning "any act under color of authority," confers the right to remove only upon "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Taylor, 442 F. App'x at 443, citing City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966). The second clause, concerning refusal to do any act on the ground that it would be inconsistent with laws providing for equal rights, allows the right to remove only to state officers. Taylor, 442 F. App'x at 443. West's allegations within her petition for removal do not reflect that she is a state or federal officer who was either executing duties under federal law or refusing to do on an act on the ground that it would be inconsistent with equal rights laws. Accordingly, she does not establish her right to removal under Section 1443(2). Because West has not established a basis for removal jurisdiction, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Newton County.

## CONCLUSION

Based on the foregoing reasons, Defendant West's application to proceed in

7

forma pauperis is **GRANTED**. Docket Entry [1]. Additionally, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Newton County. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED AND REPORTED AND RECOMMENDED** this 14 day of April, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)